N. LORING DANFORTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36817.   Promulgated February 18, 1930.

*F. R. Shearer, Esq.,* for the respondent.

OPINION.

STERNHAGEN: This proceeding was submitted under Rule 29 upon the pleadings alone, without briefs or argument. The petitioner contests respondent's determination that his income by way of salary includes insurance premiums paid by the John W. Danforth Co. in respect of a policy upon his life of which his wife was beneficiary.

On December 19, 1921, the board of directors of the John W. Danforth Co. passed the following resolution:

WHEREAS, the Board of Directors believes—in enabling said N. Loring Danforth, Leo N. Hopkins and Albert C. Wood to take out insurance upon their

lives, payable to their families as beneficiaries; the John W. Danforth Company paying the premiums thereon during such time as said individuals are actively connected with this company or until further action of the Board of Directors— that the corporation will derive advantage from the increased efficiency of such employees;

Now, THEREFORE, BE IT RESOLVED: That said individuals be and they are hereby authorized and directed to procure and have issued forthwith life insurance upon the life of N. Loring Danforth in the sum of $100,000.00; upon the life of Leo N. Hopkins in the sum of $8,000.00; upon the life of Albert C. Wood in the sum of $8,000.00. The beneficiaries under said policies to be the respective wives of the said assured. And the officers of the John W. Danforth Company be and they are hereby authorized and directed to make payment of the premiums on said life insurance out of the funds of this corporation so long as said individuals continue to be actively connected with the John W. Danforth Company.

The Danforth Co. took out certain insurance policies upon the life of the petitioner and paid premiums thereon of $2,846.70 for 1923, $2,706.78 for 1924, and $2,637.52 for 1925. Petitioner, in filing his returns for 1923, 1924, and 1925, apparently omitted to include these amounts as his income. The respondent, after audit, besides other uncontested adjustments, included these amounts in his income as additional salary, advising petitioner in the notice of deficiency that the corporation had claimed and, under article 294, Regulations 62, had been allowed to deduct these amounts among its business expenses. By reason of the several adjustments made, and citing O. D. 627, 3 C. B. (1920) 104, respondent determined deficiencies in petitioner's income tax of $683.90 for 1923, $682.36 for 1924, and $516.47 for 1925.

We see no reason to reverse that determination. There is nothing to justify petitioner's pleaded contention that this was " group insurance," and if it were to be so designated, the designation alone would not warrant the omission of the premiums for petitioner's income. That the purpose, plan and effect was to give petitioner this additional compensation for his services is manifest. The benefit was directly to him, and the corporation received no more benefit than any employer derives when it increases the compensation of its employee. See *Berizzi Brothers Co.*, 16 B. T. A. 1307.

*Judgment will be entered for the respondent.*