FRANK D. YUENGLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54730. Promulgated February 20, 1933.

*R. H. Crook, C. P. A.*, for the petitioner.
*Dean P. Kimball, Esq.*, and *E. C. Adams, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has determined a deficiency in income tax for the year 1928 in the amount of $3,068.72. The error alleged by petitioner is the inclusion in his income of an amount of trust income which the trustee, under trusts created by petitioner, used to pay premiums on policies of insurance on the life of petitioner. In his answer, counsel for respondent alleged error in failing to include in petitioner's income certain specified amounts alleged to have been received from three corporations in 1928, and asked that the deficiency be increased accordingly.

A stipulation of facts was filed, with accompanying exhibits, which we adopt as our findings of fact.

The facts, in brief, are that in 1921 the petitioner assigned to the Safe Deposit Bank of Pottsville, Pennsylvania, as trustee, a group of policies of insurance on his life, and also caused one policy to be issued directly to said bank as trustee. The policies, except the one issued directly to the bank, were originally payable to petitioner's administrators, executors, or assigns, but with respect to

each of them petitioner executed an assignment in due form to the Safe Deposit Bank. On August 12, 1921, the bank executed a declaration of trust describing the policies and reciting their assignment to it, and declaring that it held the policies in trust for the purpose of collecting the proceeds, which it was to invest and upon the death of petitioner to pay one-third of the income to petitioner's wife for life or until she should remarry, the other two-thirds to be divided among petitioner's children. Other provisions made respecting the manner of distribution of income to the children in the event petitioner's wife predeceased him, and upon the event of her death or remarriage before the children reached specified ages, are not material here.

On the same date, August 12, 1921, the Safe Deposit Bank executed another declaration of trust reciting that petitioner had assigned to it certain investment securities and declaring that it held such securities in trust for purposes of collecting the income therefrom and out of such income paying premiums on insurance on the life of the petitioner, the balance of the income to be held in trust during the life of petitioner and upon his death one-third to be paid to his wife for life or until she should remarry, and the other two-thirds to be paid to petitioner's children. Other provisions were made respecting the distribution of income to be made in the event the wife predeceased petitioner and upon her death or remarriage, and also for the ultimate distribution of the corpus among the children. These provisions are not material here, except perhaps from the negative point of view, that is, that there were no provisions under which any of the income was to be paid to petitioner nor was any part of the corpus to revert to him.

On August 22, 1923, petitioner and his wife by written instruments requested the trustee bank to cancel and annul the declarations of trust above described and to execute new declarations respecting the insurance policies and securities theretofore assigned to it. On August 28, 1923, the trustee bank did execute new declarations of trust, in which minor changes were made with respect to the manner of distribution of income and corpus.

During the year 1923 some of the policies assigned to the trustee matured as endowments and others became paid-up policies and the trustee collected and invested the proceeds and/or dividends thereon.

During the year 1928 the trustee received net income from the trusts in the amount of $23,117.12, of which $22,572.99 was taxable, and paid premiums of $14,594.34 on the policies of insurance held in trust. The trustee has filed income tax returns, as trustee, since the creation of the trusts and has reported therein the income received

as trustee without claiming any deduction for premiums paid on the insurance policies held in trust.

The respondent included as taxable income to the petitioner for 1928 the amount of $14,250.82 which represents that portion of the taxable income of the trusts which was used to pay life insurance premiums.

In several cases we have held that where the income of trusts created by a taxpayer is to be used to pay premiums on insurance on his life, the income of such trusts should be included in his income. *Frederick B. Wells*, 19 B. T. A. 1213; *Alfred F. Pillsbury*, 19 B. T. A. 1229; *Irenee du Pont*, 20 B. T. A. 482; affd., 63 Fed. (2d) 44. Those cases arose under the Revenue Acts of 1924 and 1926, while the present case is governed by the Revenue Act of 1928, but the applicable provisions of all three statutes are identical. Cf. section 219(h) of the Revenue Acts of 1924 and 1926; section 167 of the Revenue Act of 1928. Accordingly, on authority of the above cases we sustain the respondent on the first issue.

From 1921 to 1925 petitioner owned all the stock and was president of D. G. Yuengling and Son, Inc., and Yuengling Realty Co., Inc. In April 1925, petitioner acquired all of the stock of the Yuengling Securities Corporation, which in turn acquired all the stock of the other two corporations. Between 1921 and 1927 these three corporations procured several policies of insurance on the life of petitioner. In some of the policies the corporation procuring them was named beneficiary, but prior to 1928 such policies were assigned to the Safe Deposit Bank of Pottsville as trustee. In the other policies the Safe Deposit Bank was named as beneficiary. The several policies were received by the bank, as trustee, in trust for purposes similar to those declared in the trusts described under the first issue, that is, to collect the proceeds and pay the income therefrom to petitioner's wife and children.

Premiums on the several policies were paid in 1928 to the insurance companies by the corporations that procured them, as follows:

| | |
|---|---|
| D. G. Yuengling and Son, Inc | $7,623.35 |
| Yuengling Realty Company, Inc | 2,789.30 |
| Yuengling Securities Corporation | 4,711.00 |

The premiums so paid were not included in income by petitioner in his 1928 return, nor were they included by the respondent in the notice of deficiency.

The premiums paid by the above companies on the insurance on petitioner's life are the amounts which respondent in his answer

alleges that he erred in failing to include in petitioner's income for 1928.

This issue must be decided in favor of the respondent on the authority of prior decisions holding that premiums paid by corporations on insurance on the lives of officers or employees, where the corporation is not a beneficiary, constitute income to the insured. *George Matthew Adams*, 18 B. T. A. 381; *N. Loring Danforth*, 18 B. T. A. 1221.

*Decision will be entered under Rule 50.*