PAUL J. BONWIT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53661. Promulgated November 19, 1935.

*Arthur B. Hyman, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

## OPINION.

ARUNDELL: In 1928 Bonwit Teller & Co. paid premiums in the amount of $46,434.90 on policies of insurance upon the life of the petitioner, who was president, a director and substantial stockholder of the corporation. The corporation deducted this amount as ordinary and necessary expenses and this deduction was allowed by the respondent. In the present proceeding the respondent has determined a deficiency in the petitioner's income tax resulting from the inclusion of the whole amount of these premiums in his income for that year, and also the inclusion of certain dividends. Petitioner does not contest the dividend item. The question for decision is whether all or any part of the amount of premiums paid by the company constitutes income to the petitioner.

There is no specific provision of the statute which deals with this question. Respondent points out, however, that section 24 (a) (4) of the Revenue Act of 1928, set out in the margin,[1] provides that premiums paid by any employer on an insurance policy on the life of an officer or employee may not be deducted by the employer where the employer is directly or indirectly a beneficiary under the policy. *Berizzi Brothers Co.*, 16 B. T. A. 1307; *Merrimac Hat Corporation,* 29 B. T. A. 690. The reason for the rule is obvious, since under section 22 (b) (1) life insurance proceeds are excluded from gross income. See *Merrimac Hat Corporation, supra.* From this premise respondent deduces as a necessary corollary the rule that premiums paid by a corporation on the life of one of its officers are income to that officer in the nature of additional compensation paid by the corporation, unless it can be shown that the corporation is the direct or indirect beneficiary of the policy. Under article 283 of Treasury Regulations 74 the fact that the corporation may derive a benefit from the increased efficiency of the officer or employee insured is said not to be a sufficient cause for disallowing a deduction to the corporation.

Following through the theory that premiums paid on policies under which the employer is the direct beneficiary are neither deductible by the employer nor income to the insured, counsel for re-

---

[1] SEC. 24 (a) (4). Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer, when the taxpayer is directly or indirectly a beneficiary under such policy.

spondent concedes that the premiums on the group of policies aggregating a face amount of $139,500 which the company applied for and under which it was the beneficiary are not taxable to the petitioner. The exact amount of premiums paid on this group of policies is not shown; the determination of this amount may be left, as respondent concedes, to a recomputation.

The third group comprises policies in the aggregate face amount of $175,000. The petitioner himself was the applicant for these policies, and the beneficiaries were either members of his family or his estate. Premiums amounting to $9,551.05 were paid in 1928 by the company. In applying for and receiving these policies the petitioner voluntarily contracted an annual expense—" a particular expense, which for millions of men and women has become a fixed charge." *Burnet* v. *Wells*, 289 U. S. 670. The petitioner's obligation to meet this expense was lifted from his shoulders by his corporate employer's assumption and satisfaction of it. " The discharge by a third person of an obligation to him is equivalent to receipt by the person taxed." *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716. In that case the corporate employer agreed to and did pay the income taxes on the salaries of officers and members of the staff. The resolution providing for payment stated the purpose to be, " to the end that said persons and officers shall receive their salaries or other compensation in full without deduction on account of income taxes." There was no resolution designating the payment of taxes to be additional compensation. However, the Supreme Court reached the conclusion that " The taxes were paid upon a valuable consideration, namely, the services rendered by the employee and as part of the compensation therefor." It requires no stretch of the imagination to arrive at the same conclusion here. Petitioner was an officer of the corporation and he alleges that the object of the corporation's maintenance of the insurance was to promote " greater efficiency among its officers." It may be that the discharge of an obligation by a volunteer with whom the obligor had no business connection would be a gift and not income. But that is not the situation here.

The petitioner here had contracted an obligation to be met if the policies were to be kept alive, and it was met by his employer. In our opinion the principle of the *Old Colony Trust* case applies and the amount of premiums paid by the company on the third group of policies was properly treated by the respondent as income to the petitioner.

We have left for consideration the premiums on the first group of policies, aggregating $500,000 in face amount. These policies were applied for by the company; the petitioner made no reservation in the policies of any right to change the beneficiary; and the premiums

were paid by the company. The payment of premiums on these policies was not in discharge of any obligation incurred by the petitioner, as was true with respect to the policies last discussed. In several cases it has been held that the payment of insurance premiums by an employer constituted additional compensation to the employee. See *George Matthew Adams*, 18 B. T. A. 381; *N. Loring Danforth*, 18 B. T. A. 1221; *Frank D. Yuengling*, 27 B. T. A. 782; affd., 69 Fed. (2d) 971. Those cases, however, are distinguishable from the one before us. In the *Adams* case the employee made application for the policy, he was permitted to designate the beneficiary, and the policy was issued to him. In the *Danforth* case a corporate resolution directed the employees to procure and have issued policies of insurance on their lives naming their wives as beneficiaries. In the *Yuengling* case the petitioner owned or controlled all the stock of the corporation which procured the policies to be issued on his life, and the proceeds of the policies were payable to a trustee for the benefit of the petitioner's wife and children. It is to be noted that in all of these cases the beneficiaries were dependents of the taxpayers. In the *Adams* and *Danforth* cases the employees applied for and procured the insurance. In the *Yuengling* case the Circuit Court of Appeals pointed out that the insured was permitted to designate the beneficiary. In that case, too, Yuengling was in control of his corporate employers and was in a position to compel the payment of premiums.

In the present case the petitioner was not the applicant for the insurance; he had no right to designate or change the beneficiaries; he was not in a position to compel the company to either take out the insurance initially or to continue it in force. The petitioner did not receive the amount of the premiums, and there is no evidence that he or his employer intended or regarded them as additional compensation. There is no provision of the taxing statute that specifically requires the inclusion in income of insurance premiums paid by an employer. They can not be included under the doctrine of the *Old Colony Trust* case, *supra*, for the payment was not in discharge of any obligation of the petitioner. Plainly there was no constructive receipt by the petitioner of the amount of the premiums. *Burnet* v. *Wells*, *supra*, is not applicable to this phase of the case. There the Court was considering the validity of an act of Congress which specifically treated as income of the grantor of a trust the amount of trust income used to pay premiums on insurance on the life of the grantor. The Court said, " The controversy is one as to the boundaries of legislative power." The enactment was sustained. The decision does not stand for the proposition that insurance premiums would be treated the same way in the absence of specific legislation on the subject.

We find no warrant in the statute or in any judicial pronouncement for including in petitioner's income the premiums paid by his employer on this group of policies. We hold it was error to treat the amount of such premiums as income to petitioner.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MELLOTT, dissenting: The conclusion of the majority, that the amount paid for premiums on the group of policies aggregating $500,000 in face amount should not be considered income of the petitioner, seems to me erroneous.

We have held that premiums paid by corporations for insurance on the lives of officers and employees, where the corporation is not a beneficiary, constitute income to the insured. *Frank D. Yuengling*, 27 B. T. A. 782; affd., 69 Fed. (2d) 971, on authority of *Burnet v. Wells*, 289 U. S. 670. See also *George Matthew Adams*, 18 B. T. A. 381; *N. Loring Danforth*, 18 B. T. A. 1221. That is especially true where, as here, the insured is president and director of a corporation, the majority of the stock of which is owned by him and members of his family.

The fact that the corporation was originally the named beneficiary is not, in my opinion, important. We are concerned only with the payments made for premiums during the year 1928, after the wife and sons had been named as beneficiaries. When the payments were made, the corporation had no right or power to change the beneficiary; hence, the payments made by it were for the purpose of continuing in force policies in which it had no interest.

Under the circumstances, I feel that the amounts so paid constituted additional compensation to the petitioner, and should have been reported by him as income. Accordingly, I dissent from the portion of the opinion holding that the Commissioner erred in treating the amount of such premiums as income to the petitioner.

BLACK, SEAWELL, MATTHEWS, and ARNOLD agree with this dissent.