Raymond J. Moore and Corinne B. Moore, Petitioners, et al.,[1] *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 102439–102442, 102447, 102535, 104344.

Promulgated December 18, 1941.

*Stanley S. Waite, Esq.,* for the petitioners.
*Carroll Walker, Esq.,* for the respondent.

---

[1] Proceedings of the following petitioners are consolidated herewith: E. S. Funsten; E. M. Funsten; A. H. Kolmer and Grace M. Kolmer; R. Fairfax Funsten; and R. E. Funsten III.

OPINION.

LEECH: Under Docket Nos. 102439, 102442, and 104344, the wife of the petitioner in interest is joined for the reason that joint returns were filed, but hereinafter only the husband in each case will be referred to as the petitioner.

The petitioners are all officers and/or employees of the R. E. Funsten Co. of St. Louis, Missouri, hereinafter designated as the company, and all filed their returns for the years here involved with the collector of internal revenue for the first district of Missouri.

On October 18, 1937, the company, by action of its directors, formally adopted a pension plan for its officers and employees to be thereafter selected in accordance with their value to the business, under which certain payments were to be made annually by the

company to a trustee and administered by the latter under the direction of the manager of the plan, designated by the company, by providing for the payments of benefits or annuities to those officers and employees of the company upon their reaching the age of 65 years.

The St. Louis Union Trust Co. was designated as trustee under a formal declaration of trust. Ten of the officers and/or employees of the company were selected for participation in the benefits and were awarded specified endowments or annuities at age 65 or to be received by their designated beneficiaries at the death of the participant prior to that age. Among these were the six petitioners herein.

It was specifically provided by the pension plan and deed of trust that no portion of the funds paid each year by the company to the trustee was thereafter to be controlled or used for the benefit of the company in any way but was to inure to the sole benefit of the participants in the plan. As provided by the plan the amount of $33,261.60 was paid in 1937 by the company to the trustee as the original payment. This amount was invested in combination life insurance and annuity contracts on the lives of these petitioners and the other participants in the plan. These contracts of insurance were issued upon applications by the manager of the pension plan, who was joined in each instance by the insured upon whose life the policy was issued. Eight of the ten policies were issued by the Northwestern Mutual Life Insurance Co. and were in similar form. The remaining policies were issued by two other companies but the provisions were substantially similar and the type of insurance the same. Under each policy a fixed amount or an annuity was payable upon the insured reaching the age of 65. The face amount of the policy was payable upon the death of the insured before the maturity date.

Under all of these policies the beneficiary was the St. Louis Union Trust Co., trustee, and none of the insured had any right to change this beneficiary, but so long as they were participants in the pension fund they had the right to designate and change the beneficiaries of the death benefits payable by the pension fund. It was further provided that the payments to become due from the insurance company were to be made to the trustee without recognition of the insured or his heirs or representatives. By a rider to the policies it was provided that all rights stated in the policy as subject to exercise by the insured were to be exercised only by the trustee.

The pension fund provisions included the following:

In the event of the death of any pensioner before the pension becomes payable the entire proceeds of any life income contract or life insurance that may have

been purchased on his or her life providing for payments equal to the amount of his pension, shall be paid to such person or persons and in such amounts and proportions, as shall have been designated by him or her in a written instrument addressed to the Trustee, or as designated in his or her last will and testament, or, in the absence of any such designations, to his or her administrators or executors.

In the two succeeding years, 1938 and 1939, payments were regularly made to the trustee by the company, which sums have been used by the trustee for the payment of the annual premiums on the policies in question. None of the policies here involved have matured and no payments have been made thereon by the companies issuing them.

Respondent's first contention is that the present employees' pension plan is too broad in its provisions to fall within section 165 of the Revenue Acts of 1936 and 1938,[2] and is merely a plan whereby additional compensation is paid to certain officers and employees in the way of premiums upon insurance upon their lives.

We do not agree. The company has adopted a definite and specific plan to provide pensions and benefits payable to certain of its employees at 65 years of age or to their dependents if they die prior to reaching such age. These employees are chosen because of their value to the business of the company. To provide for the custody and maintenance of the funds which, under the plan, it pays in each year, a trustee has been formally appointed under a deed of trust. Under that plan and deed of trust the amounts paid by the company to the trustee pass from its possession and control, and are administered wholly for the benefit of the employees participating in the benefits awarded. Upon the payment of these moneys to the trustee the company loses all its rights thereto. It is evident that the creation of this plan and the trust is not a subterfuge by which earnings of the company are distributed to stockholders as such. Although the participant petitioners are stockholders, as well as employees, the monetary benefits were awarded to them as employees. These benefits bear no relation to their respective stock interests in the company. Cf. *W. F. Parker*, 38 B. T. A. 989. We think this trust is within the purview of section 165 of the Revenue Acts of 1936

---

[2] SEC. 165. EMPLOYEES' TRUSTS. [Act 1936.]

A trust created by an employer as a part of a stock bonus, pension, or profit-sharing plan for the exclusive benefit of some or all of his employees, to which contributions are made by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).

[NOTE.—Section 165 of the Revenue Act of 1938 is similar to the above in its provisions affecting the issue here presented.]

and 1938. *Olson* v. *Commissioner*, 67 Fed. (2d) 726; certiorari denied, 292 U. S. 637; *K. R. Kingsbury*, 31 B. T. A. 1126. See also T. D. 4973, C. B. 1940-1, p. 67.

This conclusion leaves only the question as to whether the expenditure by the trustee of the funds paid to the trust by the company, for premiums on combination life insurance and annuity policies on the lives of the participants in the plan, constitutes a distribution of such funds by the trustee to these participants, under section 165, *supra.*

The respondent does not contend that if the trust is within the purview of section 165, *supra*, and if the present policies cover retirement annuities, the payments of premiums therefor by the trustee would constitute a distribution to the insured of the amount of the premium paid. Thus I. T. 3346, C. B. 1940-1, p. 62, includes the following:

\*    \*    \*    \*    \*    \*    \*

(5) To the extent that the corporation's share of such contributions is applied toward the purchase of retirement annuity contracts for the benefit of employees, such amounts are not considered as having been received by the employees in the year or years in which such payments are so applied, and are not, therefore, required to be included in their returns for those years. Upon retirement the entire amount of each annuity payment will be taxable income to the employee if he made no contribution toward the purchase of the retirement annuity. If he made contributions, he will be taxed on the annuity payments in the manner and to the extent provided in section 22 (b) 2 of the Internal Revenue Code and article 22 (b) (2)–2 of Regulations 101.

Respondent's treatment of the entire premium in each case as income to the beneficiary of the policy when paid is based upon the assumption that these policies are in fact life insurance contracts until the insured reaches the age of 65, whereupon they are converted into annuity contracts. We think that assumption is unsound. All of the contracts were in effect from the payment of the first premium; by their terms they provided for annuity payments at the age of 65, and for this agreement the major portion of the premium is paid. There are two distinct features in the policies. One is a death benefit, and the other, a retirement endowment. The respective portions of the lump sum premium paid for the death benefit and the annuity are subject to computation. We think that the annuity feature of the contracts was not life insurance, but an annuity contract in form of an endowment from its issuance. In view of that conclusion, we hold that the payment of such portion of the premium as is applicable to that feature of the policies did not constitute a distribution and is therefore not taxable to these petitioners when paid by the trustee. Sec. 165, *supra.*

With respect to the death benefit feature of the contract, we think the answer is different. If these petitioners had taken out the poli-

cies on their lives, the benefits thereunder to be paid by the insurer to their designated beneficiaries, and the pension fund had merely been used as a source of payment of the premiums, these payments when made, would constitute income to the petitioners, since they would have received the direct benefits of these payments. *N. Loring Danforth*, 18 B. T. A. 1221. Although the conditions are not quite the same here, the distinction is so slight as not to be material. It is true that the present policies were taken out by and are the property of the trustee, to whom all the payments to be made thereunder by the insurers are payable. It is likewise true that the obligation of the insurer is not to the insured but to the trustee for the benefit of the pension fund, and that anything derived in the future in the way of either a lump sum payment or an annuity by the participating employee goes technically to him from the pension fund and not the insurer. However, the provisions of the pension plan permit the insured to designate the beneficiary of the payment which will be made by the pension fund in case of his death, and to change such beneficiary. It also provides that "In the event of the death of any pensioner before the pension becomes payable the entire proceeds of any life income contract or life insurance that may have been purchased on his or her life providing for payments equal to the amount of his pension, shall be paid to such person or persons and in such amounts and proportions, as shall have been designated by him or her in a written instrument addressed to the Trustee, or as designated in his or her last will and testament, or, in the absence of any such designations, to his or her administrators or executors."

Considering the life feature of each of the policies here, together with the provisions of the pension plan, it would appear that from a practical standpoint the trustee is no more than a conduit from the insurer to the insured's beneficiaries with respect to any payments made under the life insurance feature of each contract. In substance, each petitioner, in so far as the death benefit feature is concerned, stood in the same relation to the policy as if it were taken out by him upon his life and upon which the trustee paid the premiums for him.

We think, therefore, that payments by the trustee of that portion of the premium allocable to the life insurance features of these policies constituted distributions, to that extent, to the several petitioners and such portion of each premium is therefore taxable to them, respectively. Sec. 165, *supra*. See *N. Loring Danforth, supra*.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*

MURDOCK, ARNOLD, and DISNEY dissent.

HILL dissents on points indicated in the headnote as numbers (1) and (2).