*Decisions will be entered under Rule 50.*

ESTATE OF FRANK DUTTENHOFER, DECEASED, ALBERT J. UHLENBROCK AND WILLIAM DUTTENHOFER, COEXECUTORS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4081–66.    Filed December 13, 1967.

*Robert O. Leming*, for the petitioners.
*Robert A. Roberts*, for the respondent.

OPINION

The decedent died on February 22, 1963. Section 6075 of the Code requires an estate tax return to be filed within 15 months after decedent's death. Accordingly, the date on which the estate tax return was due was May 22, 1964; however, no estate tax return was filed until October 27, 1964. The sole issue is whether the failure to timely file

the Federal estate tax return was due to reasonable cause under section 6651.[3]

Petitioners' basic contention is that they relied upon competent counsel to prepare and file the estate tax return and that this reliance constituted reasonable cause for failure to file on time. We do not agree.

Reasonable cause as applied in section 6651 has been defined as the "exercise of ordinary business care and prudence." *Southeastern Finance Co.* v. *Commissioner*, 153 F. 2d 205 (C.A. 5, 1946), affirming 4 T.C. 1069 (1945). Sec. 301.6651-1(a)(3), Proced. and Admin. Regs.

Whether the failure to file on time was due to reasonable cause is primarily a question of fact to be decided from all the circumstances in a particular case. See *Coates* v. *Commissioner*, 234 F. 2d 459 (C.A. 8, 1956), affirming a Memorandum Opinion of this Court. The record shows that petitioners, at the time of their appointment as executors, knew little about handling the administration of an estate and so employed Mongan, the attorney suggested in the will. The facts disclose further that petitioners practically abdicated their responsibilities with respect to the estate in favor of Mongan. They made no attempt to determine their duties as executors or to inquire into any of Mongan's activities with respect to the estate, but relegated themselves to the position simply of signing the documents prepared by Mongan. We do not find that the petitioners failed to exercise proper care in complying with the request of the decedent to employ Mongan in the administration of the estate. However, petitioners did fail to act as ordinarily intelligent and prudent businessmen by blindly acquiescing in all of Mongan's decisions and thus giving him effective control of administering the estate, whereas this responsibility was basically their own. We think more was required of the executors. See below.

Moreover, within 2 months of the death of the decedent, petitioners signed Form 704, a form which clearly stated a Federal estate tax return must be filed within 15 months of date of death. Thus, petitioners can reasonably be considered to have known that the filing of an estate tax return was required. We have found as a fact that Albert knew such a return had to be filed, but did not know its due date. In *Estate of William T. Mayer*, 43 T.C. 403 (1964), affirmed per curiam 351 F. 2d 617 (C.A. 2, 1965), certiorari denied 383 U.S. 935 (1966), we agreed with the District Court for the Northern District

---

[3] SEC. 6651. FAILURE TO FILE TAX RETURN.

(a) ADDITION TO THE TAX.—In case of failure to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.

of California in *Ferrando* v. *United States*, 52 A.F.T.R. 1924, 56–2 U.S.T.C. par. 11, 615 (1956), affd. 245 F. 2d 582 (C.A. 9, 1957), when it said:

persons who undertake to act as executors do not meet the required standard of care merely by employing an attorney to represent them. They must assume at least the minimum responsibility of seeing to it that the attorney acts with diligence.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

it is not asking too much of an executor, who is aware that an estate tax must be paid, that he ascertain the time when the return and the tax are due. Ordinary prudence demands that he do so * * *

The facts show that petitioners' actions fall clearly within this language. Petitioner Albert knew that a return was required. Nevertheless he made no attempt to determine its due date or whether Mongan was acting "with diligence." Applying this standard, it is clear that Albert did not "exercise ordinary business care and prudence."

Petitioners rely on a number of cases for the proposition that as a matter of law, reliance upon a tax adviser to prepare and file tax returns constitutes reasonable cause under section 6651. *Orient Investment & Finance Co.* v. *Commissioner*, 166 F. 2d 601 (C.A.D.C. 1948), reversing a Memorandum Opinion of this Court; *Haywood Lumber & Min. Co.* v. *Commissioner*, 178 F. 2d 769 (C.A. 2, 1950), modifying 12 T.C. 735 (1949); *Brooklyn & Richmond Ferry Co.*, 9 T.C. 865 (1947), affd. 171 F. 2d 616 (C.A. 2, 1948), certiorari denied 336 U.S. 968 (1949); *Hatfried, Inc.* v. *Commissioner*, 162 F. 2d 628 (C.A. 3, 1947), reversing a Memorandum Opinion of this Court; and *Safety Tube Corporation*, 8 T.C. 757 (1947), affd. 168 F. 2d 787 (C.A. 6, 1948). We think reliance upon these cases is misplaced. In the situations involved in those cases the taxpayers, *without knowledge* that certain tax returns were required, were found to have reasonably relied upon their tax advisers to determine whether a return should be filed and if so to prepare the necessary returns for filing. Under those circumstances, the Court held the taxpayers had "reasonable cause" for failure to file the proper tax return and therefore the addition to tax was excused. The situations in those cases are distinguishable from the instant facts. Here, there could be no question but that a return should be filed and the executors and counsel should have known an estate tax return was required. The only question here involved was "when" the return was due, and not "whether" one was due. It is our opinion that where a taxpayer should know a tax return is required (and here Albert did know that a return was required), but delegates the responsibility of preparing and filing the return to a third person, the delegate's subsequent failure in this appointed task does not alone constitute reasonable cause for failure to file on time under section 6651. See *Logan Lumber Co.* v. *Commissioner*, 365 F. 2d

846, 854 (C.A. 5, 1966); *Estate of William T. Mayer, supra;* and *Southeastern Finance Co.* v. *Commissioner, supra.*

Petitioners rely heavily upon *In re Fisk's Estate,* 203 F. 2d 358 (C.A. 6, 1953), reversing a Memorandum Opinion of this Court. In that case, similar to the instant case, the executrix of the decedent's estate employed an attorney prominent in the local community. The estate tax return was prepared by the attorney, but was filed 1 day late. The respondent determined that the estate was liable for the addition to tax for failure to timely file, and we agreed. On appeal, the Court of Appeals reversed this Court and found that there was "reasonable cause" for failure to timely file due to the executrix's reliance upon the attorney. We feel that case is distinguishable from this one. The facts in *Fisk* do not show that the petitioner-executrix failed to act prudently or that she ever knew or had reason to know that an estate tax return was required. As in the prior cases mentioned above, where the taxpayers, *without knowledge* that a return was required, relied upon a competent tax adviser to prepare the proper papers, this good-faith reliance constituted reasonable cause under section 6651. However, it is our opinion that the reasoning of those cases does not apply where a third person is relied upon to prepare and timely file a tax return for a taxpayer who knows that a return must be filed.

This is not a case concerned with a complex question of whether any return at all need be filed and where competent advice that none is required is relied on to excuse failure to file on time. This case only involves a question of calendar dates and we do not think that because the petitioners, knowing a return had to be filed, relied on an attorney, competent or not, to file the return, excuses late filing. Under these facts, we hold that petitioners cannot avoid the penalty for delinquent filing simply because they hired a lawyer, and turned everything over to him.

Petitioners' second contention is that the failure of the attorney to prepare and file the estate tax return within the proper period was due to reasonable cause since the estate was involved in litigation which might ultimately affect the estate tax. Even assuming that the results of the litigation might affect the determination of an estate tax, we do not feel that this alone constitutes reasonable cause for failure to file on time. Mongan was aware that a reasonable extension of time for filing the return could have been obtained under section 6081, which would have avoided the penalty. In fact, Mongan eventually requested this extension but due to his lack of diligence the request was not filed until 3 months after the due date of the Federal estate tax return.

Furthermore, we cannot find that this litigation prevented Mongan from filing an estate tax return. Even without receiving an extension,

Mongan could have prepared and filed the return based on the information then available. When and if the matters there in issue were decided in such a manner as to affect the estate tax liability, Mongan could then have filed an amended tax return. We cannot agree that the uncertainty of the outcome of litigation, even together with the other factors herein, constituted reasonable cause for Mongan's failure to file.

Reviewed by the Court.

*Decision will be entered under Rule 50.*