ESTATE OF ANTHONY GERACI, Deceased, Norma Geraci, Executrix, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Geraci v. Commissioner
Docket No. 6523-71
United States Tax Court
T.C. Memo 1973-94; 1973 Tax Ct. Memo LEXIS 194; 32 T.C.M. (CCH) 424; T.C.M. (RIA) 73094; April 23, 1973, Filed Rudolph J. Geraci, for the petitioner. Buckley D. Sowards, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $2,408.24 in petitioner's estate tax and an addition 2 thereto under section 6651(a) [1] of $361.23. [2]
*196 Petitioner having conceded all but one item involved in the deficiency notice, the sole issue remaining for decision is whether petitioner's failure to file an estate tax return within the prescribed time was due to reasonable cause and not due to willful meglect. Anthony Geraci died on March 27, 1967, a resident of Shaker Heights, Ohio. Norma Geraci, decedent's widow, 3 was appointed executrix of the estate on May 1, 1967, in accordance with the last will and testament of Anthony Geraci. A Federal estate tax return was required to be filed within 15 months after the date of decedent's death. Section 6075(a). The due date for petitioner's estate tax return was therefore June 27, 1968. No extension of time for filing the return was granted under section 6081. Petitioner's estate tax return was not filed with the district director of internal revenue, Cleveland, Ohio, until August 28, 1968.The return as filed showed a gross estate of $378,041.28, a taxable estate of $118,784.67, and net estate tax payable of $25,474.85. The attorney for the decedent's estate was out of his office due to illness for a period of six weeks to two months commencing at the end of May or *197 in early June 1968. His office, consisting of two other attorneys besides himself, conducted a general practice. In a letter accompanying the estate tax return, the attorney for decedent's estate stated that "[the] reason for the late filing without obtaining an extension is that we were under the impression that the return was due 15 months from the date of the appointment of the executrix rather than the date of death." 4 Respondent has asserted a 15-percent addition to petitioner's estate tax under section 6651(a) for such failure to make a timely estate tax return. In order to avoid the addition to tax under section 6651(a), petitioner has the burden of proof to establish that its failure to file the required return within the prescribed time was due to reasonable cause; merely demonstrating an absence of willful neglect does not satisfy that burden. Paula Construction Co., 58 T.C. 1055, 1061 (1972), affirmed per curiam ( C.A. 5, 1973, 31 A.F.T.R. 2d 73-926, 73-1U.S.T.C. par. 9283). Reasonable cause exists when the person required to make the return establishes that he exercised ordinary business care and prudence. Estate of Henry P. Lammerts, 54 T.C. 420, 445 (1970), *198 affirmed as to this issue, 456 F.2d 681, 683 (C.A. 2, 1972); section 301.6651-1(a) (3), Proced. & Admin. Regs. In this case, the executrix was the person required to file the return within the prescribed time. Section 6018(a) (1). Whether the failure to file on time was due to reasonable cause is primarily a question of fact to be determined from all the circumstances in a particular case. Estate of Frank Duttenhofer, 49 T.C. 200, 204 (1967), affirmed 410 F.2d 302 (C.A. 6, 1969). Petitioner 5 assigns the following facts as the basis of its contention that reasonable cause existed in the present case: (1) The executrix relied entirely upon the attorney for the estate to file the estate tax return; (2) the attorney was incapacitated by illness from June until late August of 1968; and (3) the attorney was under the mistaken impression, as he stated in a letter accompanying the return, that "the return was due 15 months from the date of the appointment of the executrix rather than the date of death." We do not think that those facts constitute reasonable cause for the late filing. As we stated in Estate of Henry P. Lammerts, supra at 446, *199 an executor has "a positive duty to ascertain the nature of his responsibilities as such." This duty is not satisfactorily discharged by delegating the entire responsibility for filing the estate tax return to the attorney for the estate. The executor is required, at a minimum, to ascertain when the return is due and to take appropriate steps to see that the obligation to file is fulfilled; inexperience in handling the administration of an estate does not excuse the failure of an executor to take such action. Ferrando v. United States, 245 F.2d 582 (C.A. 9, 1957); Pfeiffer v. United States, 315 F. Supp. 6 392, 395-396 (E.D. Cal. 1970). See Estate of Frank Duttenhofer, supra at 204. Neither do we think that the asserted illness of the attorney constitutes reasonable cause within the circumstances of this case. Assuming without deciding that the attorney's indisposition might, under certain circumstances, constitute reasonable cause, we do not think it constitutes a sufficient excuse in this case. There is no indication in the record that the executrix was unaware of such indisposition and no reason has been shown for her failure to make other provisions *200 for the filing of the return or to seek an extension of time under section 6081 before the actual due date of the return. Moreover, the record indicates that the attorney had colleagues in his office who, for aught that appears, could have undertaken to make a timely filing of the return. Robinson's Dairy, Inc. v. Commissioner, 302 F.2d 42, 45 (C.A. 10, 1962), affirming 35 T.C. 601, 608 (1961). [3]
The third fact relied upon by petitioner - counsel's mistake as to the due date of the return - must fail for the same reason as the first. Cf. Estate of Lammerts v. Commissioner, 456 F.2d 681, 683 (C.A. 2, 1972), affirming 54 T.C. 420 (1970). 7 This is not a case where there was a question as to whether a return needed to be filed, so that reliance upon expert advice might be considered reasonable cause. Cf. Estate of Daisy F. Christ, 54 T.C. 493, 553-554 (1970); Estate of Michael Collino, 25 T.C. 1026, 1035-1036 (1956). Nor does it involve a situation where the executrix had performed all the necessary acts preparatory to filing, *201 including the execution of the return, relying upon her attorney to perform the necessary ministerial act to perfect compliance with the statutory requirment. It is in this latter respect that In re Fisk's Estate, 203 F.2d 358 (C.A. 6, 1953), reversing a Memorandum Opinion of this Court, is distinguishable. In that case, the return had obviously been completed in time and the only question was whether the ministerial act of the attorney in mailing the return on the day it was due rather than the next day, when the return was received, constituted a sufficient failure of compliance to warrant the conclusion that the "reasonable cause" requirement had been satisfied. The circuit court of appeals, in holding for the taxpayer, was obviously influenced by the shortness of the time gap involved. [4] The same situation obtained in 8 McIntyre v. Commissioner, 272 F.2d 188 (C.A. 6, 1959), reversing per curiam a Memorandum Opinion of this Court. The narrow scope of these decisions is clearly revealed by Estate of Duttenhofer v. Commissioner, 410 F.2d 302 (C.A. 6, 1969), affirming 49 T.C. 200, 204 (1967), in which the same circuit court *202 of appeals, in circumstances very similar to those involved herein, held that a five-month delay was not reasonable. The key to our decision herein lies in the fact that the executrix played an entirely passive role and did not, as far as the record reveals, make any attempt to discharge her "positive duty." See Estate of Henry P. Lammerts, supra at 446. In this connection, we note that the record does not contain any direct testimony as to whether the executrix herein had actual knowledge that an estate tax return was required to be filed, but, given the size of the estate, it is not unreasonable to infer that she either did or should have had such knowledge. In any event, lack of knowledge that a return is required to be filed or of the due date thereof does not constitute reasonable cause. Cronin's Estate v. Commissioner, 164 F.2d 561, 566 (C.A. 6, 1947), affirming on this issue 7 T.C. 1403, 1414 (1946). 9 We conclude that reasonable cause for the late filing herein did not exist. Accordingly, the addition to tax is *203 sustained. In order to permit a possible deduction for expenses incurred in this proceeding (see Rule 51, Tax Court Rules of Practice), Decision will be entered under Rule 50. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954 as amended. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. - In case of failure - (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ↩
2. The total amount of addition to tax under section 6651(a) is $4,182.46, of which $3,821.23 was previously assessed. ↩
3. See also Estate of Louis Lewis, T.C. Memo. 1963-331↩. 4. In this connection, we note that timely mailing of a return now constitutes timely filing. Section 7502. ↩