T.C. Memo. 1996-351


UNITED STATES TAX COURT


ESTATE OF HOUSHANG MEHRAFSAR, DECEASED, BANK OF AMERICA,
NT & SA, SPECIAL ADMINISTRATOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1062-93.                    Filed July 31, 1996.


<u>Hugh J. Snow</u>, for petitioner.

<u>Nancy C. McCurley</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WRIGHT, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $1,227,639. Respondent further determined that petitioner is liable for an addition to tax for late filing of the estate tax return in the amount of $306,910.  After concessions, the sole issue for

decision is whether petitioner is liable for the previously mentioned addition to tax for late filing pursuant to section 6651(a)(1).[1]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein. At the time the petition was filed, the special administrator's principal place of business was in Pasadena, California. Houshang Mehrafsar (decedent) died on December 26, 1987. He was survived by his only child, Marlon Mehrafsar (Mehrafsar). At the time of decedent's death, Mehrafsar was 21 years old and had earned an associate's degree. Mehrafsar was appointed the special administrator of decedent's estate, and he was serving in such capacity when the estate's Federal estate tax return was filed. Bank of America, NT, is now the special administrator of decedent's estate.

During his lifetime, decedent had a continuing association with his business adviser and his attorney. Leonard Warren (Warren), decedent's business adviser, was a professional real estate broker and appraiser. In such capacity, Warren served as an adviser to decedent's real estate investment activities.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect as of the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Warren died in 1992.  John Hanrahan (Hanrahan) was decedent's attorney.

Upon assuming his duties as special administrator, Mehrafsar was aware of the requirement to file a Federal estate tax return for decedent's estate within 9-months of decedent's date of death.  Mehrafsar began undertaking his responsibilities as special administrator with the assistance of Hanrahan and Warren.  This was consistent with decedent's prior requests.  In June or July 1988, however, Hanrahan died, and Mehrafsar retained the services of a local law firm, Hastings, Blanchard, Weiler & Kennedy (Hastings), for guidance in proceeding with his duties as special administrator.  Jack A. Crickard (Crickard) had an association with Hastings and was one of Hastings' attorneys who assisted Mehrafsar in matters pertaining to the estate.

Acting on the advice of Hastings, Mehrafsar filed an application for an extension of time to file (Form 4768) the estate tax return.  The application was prepared by Hastings, signed by Mehrafsar in Hastings' office, and requested a 12-month extension, until September 26, 1989.  Mehrafsar did not attach an estimated tax payment to the application.  In addition to providing Mehrafsar's address, the application contained a statement that the value of the estate "cannot be estimated due to estate litigation".

The Internal Revenue Service (IRS) granted Mehrafsar a 6-month extension, until March 26, 1989.  The approval is provided

on the bottom portion of the application and is accompanied by a stamp which reads, "The maximum extension allowed for filing is 6 months". The approval, which also instructs Mehrafsar "to request more time to pay when you file the [Form] 706 in March", is dated November 15, 1988.

In March 1989, Hastings informed Mehrafsar that it was concerned with Mehrafsar's reluctance to follow its advice. Hastings was particularly concerned with Mehrafsar's refusal to liquidate various real properties contained in the estate. There was also disagreement as to appraisal values derived by a court-appointed probate referee. This friction quickly intensified and Hastings withdrew from representing Mehrafsar on May 12, 1989.

Mehrafsar sought assistance from a second law firm in May 1989, after Hastings' withdrawal. With the assistance of this second firm, Mehrafsar filed the Federal estate tax return for decedent's estate on November 5, 1989. Respondent thereafter determined that Mehrafsar undervalued decedent's estate and issued a notice of deficiency.

OPINION

Section 6651(a)(1) imposes an addition to tax for failure to file timely a tax return. The addition to tax imposed is equal to 5 percent of the amount required to be shown as tax on a return for each month, or fraction thereof, for which a return is delinquent, not to exceed 25 percent in the aggregate. In the

instant case, the estate tax return was filed on November 5, 1989, 7 months and 9 days after the extended due date of March 26, 1989. The addition to tax does not apply if the failure to file on time is due to reasonable cause and not willful neglect. Sec. 6651(a)(1). Whether a delinquent filing was due to reasonable cause and not willful neglect is a factual matter to be decided based upon a review of the entire record. Estate of Duttenhofer v. Commissioner, 49 T.C. 200, 204 (1967), affd. 410 F.2d 302 (6th Cir. 1969). Petitioner bears the burden of proving that respondent's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In the instant case, respondent does not argue that the dilatory filing was due to willful neglect. Consequently, we need only decide whether petitioner has established that its delinquent filing was due to reasonable cause.

In order to show reasonable cause for the late filing, the estate must show that, despite its exercise of ordinary business care and prudence, it was unable to file the return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Petitioner has not satisfied this burden.

Petitioner principally argues that Hastings advised Mehrafsar that Mehrafsar could postpone the due date of the return by 12 months, and that, although Hastings' advice was

undoubtedly erroneous, Mehrafsar's reliance on such advice satisfies the reasonable cause exception under section 6651(a)(1). We disagree. Although reasonable reliance on the erroneous advice of an attorney with respect to the due date of a return can constitute reasonable cause within the meaning of section 6651(a)(1), Estate of La Meres v. Commissioner, 98 T.C. 294 (1992), petitioner has not persuaded us that Mehrafsar's reliance on Hastings' advice provided reasonable cause to excuse the late filing.

We agree that Hastings provided erroneous advice to Mehrafsar. This is clear from the Form 4768 Hastings prepared for Mehrafsar's signature. In direct conflict with section 6081(a), which generally limits an extension to 6 months, the Form 4768 prepared by Hastings requested a 12-month extension.[2] It is reasonable to assume that Hastings discussed the content of the Form 4768 with Mehrafsar at the time he signed the form. As a result, it is equally reasonable to assume that Mehrafsar, at the time he signed the Form 4768, believed that a 12-month extension was possible. But the record indicates that Mehrafsar discovered sometime after completing the Form 4768 on September

---

[2]In fact, the record suggests that Hastings honestly believed that a 12-month extension was possible. We reach this conclusion because Hastings corresponded with Mehrafsar on March 24, 1989, 2 days before the return was due, regarding tentative real property appraisal values obtained by a probate referee and mentioned nothing about the due date being 2 days later. If Hastings had been aware of sec. 6081(a), we are convinced the above-referenced correspondence would have indicated as much.

23, 1988, but before September 1, 1989, as is maintained by Mehrafsar, that the IRS had granted only a 6-month extension of time to file the estate tax return. Mehrafsar's testimony otherwise is incredible.

On August 1, 1989, after Mehrafsar had retained new legal counsel, Mehrafsar wrote a letter to the IRS in which he explained that he had been "approved" for an extension of time to file the estate tax return but was unable to locate his copy of the extension. The letter continues with Mehrafsar requesting "another" copy of the extension. It is clear from the language used in this letter that Mehrafsar learned prior to August 1, 1989, that the IRS had approved only a 6-month extension. If, as he claims, Mehrafsar was not aware until sometime in September 1989 that the IRS had granted only a 6-month extension, we question whether he would have written a letter in August 1989 explaining that he had been "approved" for an extension but was unable to locate his copy of the approval. This is especially so in light of Mehrafsar's testimony that, at the time he signed the Form 4768, he was unaware that extension requests were subject to "approval" by the IRS.

A question remains, however, as to precisely when Mehrafsar learned that he had received only a 6-month extension of time to file the estate tax return. The record is less than explicit on this matter, but a finding is necessary in order to determine the extent to which an addition to tax imposed by section 6651(a)(1)

applies. We find that petitioner has failed to establish that Mehrafsar did not receive notice of the return's extended due date prior to June 1, 1989. We decline to accept Mehrafsar's self-serving and contradicted testimony to the contrary. Part 5 of the Form 4768 is entitled "Notice to Applicant--To be completed by the Internal Revenue Service" and is the portion of the form where the IRS approved, with qualification, Mehrafsar's extension request, until March 26, 1989. The approval is dated November 15, 1988. Moreover, Mehrafsar's address is the only address listed on the Form 4768, and there is no indication that the IRS used an address other than that which is on the form when providing notice of the approval to Mehrafsar.

Petitioner's argument that we should not construe Mehrafsar's letter, dated August 1, 1989, in the manner discussed herein is unpersuasive. Accordingly, we conclude that Mehrafsar, subsequent to becoming aware of the return's extended due date, did not reasonably rely on the erroneous advice he had received from Hastings regarding the due date of the estate tax return. Hence, as the return was filed on November 5, 1989, which is more than 4 months after June 1, 1989, section 6651(a)(1) imposes an addition to tax in the amount of 25 percent of the amount of tax required to be shown on the estate tax return.

Petitioner points to several other factors as evidence for its contention that the reasonable cause exception provided for in section 6651(a)(1) applies to the facts of this case. These

factors include Mehrafsar's youth and inexperience, the complexity and illiquidity of the estate, the existence of multiple wills, an inability to obtain property appraisal values, and the need to locate estate assets. None of these factors, whether viewed individually or collectively, convince us that the reasonable cause exception precludes application of the late filing penalty in the instant case. Petitioner cites little authority for its argument pertaining to most of these factors. The authority petitioner does cite is inapposite.

We do not find that Mehrafsar's age or inexperience in tax matters presents a valid defense to the addition to tax. He was over 21 years old at the time of decedent's death. Furthermore, Mehrafsar did not undertake his duties as special administrator on his own, but with the assistance of several professional advisers.

Similarly, we do not find that the complexity of decedent's estate, whether due to pending will contests or the need to locate additional assets, prevented Mehrafsar from filing timely the estate tax return. The law requires that a return be filed timely, based upon "the information then available". Estate of Duttenhofer v. Commissioner, 49 T.C. at 206-207; Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311 (1982). If and when the pending complexities were resolved in a manner that affected estate tax liability, petitioner could have filed an amended return. See Estate of Duttenhofer v. Commissioner, supra.

By the same token, we also reject petitioner's illiquidity argument because it is wholly without merit.  Moreover, petitioner's argument regarding the estate's inability to obtain property appraisal values is equally without merit.

After carefully examining the facts and circumstances of this case, and after giving appropriate weight to the testimony of each witness and the exhibits contained in the record, we conclude that petitioner has failed to establish that the delinquent filing of the estate tax return was due to reasonable cause.  Accordingly, respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155.</u>