T.C. Memo. 1999-253


UNITED STATES TAX COURT


SAID MAHMOUD KARARA, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6547-98, 6548-98.          Filed July 29, 1999.


Said Mahmoud Karara, pro se.

Ross M. Greenburg, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COUVILLION, Special Trial Judge:  These consolidated cases were heard pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

---

[1]    Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
| 1993 | $2,696 | $674.00 | $112.93 |
| 1994 | 1,489 | 372.25 | -0- |

The issues for decision are: (1) Whether the period of limitations under section 6501(a) bars respondent from making assessments against petitioner for the years 1993 and 1994; (2) whether, for 1993 and 1994, petitioner realized a gain, pursuant to section 1001(a), on the redemption of certain shares of Citizens Federal Bank Non-Cumulative Preferred Stock (Citizens Federal Stock); (3) whether, for 1993 and 1994, petitioner was engaged in a trade or business activity under section 162(a); (4) whether petitioner is liable for the addition to tax under section 6651(a) for failure to file returns for 1993 and 1994; and (5) whether, for 1993, petitioner is liable for the addition to tax under section 6654(a) for failure to make estimated tax payments.[2]

---

[2] Issue number 1 was presented by petitioner at trial by way of a motion to dismiss for lack of jurisdiction on the ground that respondent was barred by the period of limitations under sec. 6501(a). Respondent filed an objection, affirmatively alleging that the notices of deficiency were not barred because petitioner did not file Federal income tax returns for the 2 years at issue. The Court denied petitioner's motion to dismiss

(continued...)

FINDINGS OF FACT

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Naples, Florida.

In 1993, petitioner earned wages of $17,751 working in a convenience store at Naples, Florida. Petitioner also realized $143 of interest income and $4,896 of Social Security income in 1993. Finally, petitioner received gross receipts of $5,277 from the redemption of 209 shares of Citizens Federal Stock.

In 1994 petitioner continued to be employed at the same convenience store in Naples, Florida, and earned wages of $14,815. Petitioner also realized $60 of interest income and $21 of dividend income in 1994. Finally, petitioner realized gross receipts of $1,287 from the redemption of 51 shares of Citizens Federal Stock in 1994.

Petitioner did not file income tax returns for 1993 and 1994. The Internal Revenue Service (IRS) issued the notices of

---

[2](...continued)
for the reason that the statute of limitations is not a jurisdictional question but is a defense in bar or an affirmative defense to be considered on the merits. See United Bus. Corp. of Am. v. Commissioner, 19 B.T.A. 809, 831 (1930), affd. 62 F.2d 754 (2d Cir. 1933). The Court agreed that petitioner's statute of limitations defense would be considered on the merits.

deficiency based on reports filed by payers of income.  The notices of deficiency were issued on January 28, 1998.

                              OPINION

1.  Whether Respondent Is Barred by the Section 6501(a) Period of Limitations

     Petitioner did not file Federal income tax returns for 1993 and 1994.  The notices of deficiency for 1993 and 1994 were both issued on January 28, 1998.  Petitioner contends that respondent is barred from making assessments against him because the notices of deficiency were issued more than 3 years from the dates the taxes were due for each of the years at issue.  Petitioner contends the 1993 taxes were due on January 1, 1994, and the 1994 taxes were due on January 1, 1995.  Since the notices of deficiency were issued more than 3 years from those dates, petitioner contends that respondent is barred from making assessments against him.

     Section 6501(a) provides generally that taxes imposed by the Internal Revenue Code shall be assessed within 3 years after the return is filed, whether or not such return was filed on or after the date prescribed.  Section 6501(c)(3) provides that, in the case of failure to file a return, the tax may be assessed, or a proceeding in Court for the collection of such tax may be begun without assessment at any time.

The Court rejects petitioner's contention that respondent is barred from making assessments against him for the 2 years in question. Since no returns were filed, section 6501(c)(3) provides expressly that assessment may be made at any time. Moreover, petitioner is in error in claiming that the taxes were due on January 1, 1994, and on January 1, 1995. Calendar year taxpayers are, under section 6072(a), required to file their income tax returns and pay the taxes thereon on or before April 15th following the close of the taxable year. The Court, therefore, rejects petitioner's claim that respondent is barred by the period of limitations under section 6501(a).

2. Gain on Redemption of Stock

Under section 1001(a), gain from the sale or other disposition of property is the excess of the amount realized over the adjusted basis of the property. In this case, the parties agree that petitioner realized $5,277 and $1,287 in 1993 and 1994, respectively, on the redemption of Citizen's Federal Stock owned by petitioner. At issue is the adjusted basis of the redeemed stock in the hands of petitioner.

Generally, under section 1012, the basis of property is its cost. The cost is the amount paid for such property in cash or other property. See sec. 1.1012-1(a), Income Tax Regs. Thus, petitioner must demonstrate the economic outlay necessary for

shareholders to claim basis. See, e.g., <u>Estate of Leavitt v. Commissioner</u>, 875 F.2d 420, 422 (4th Cir. 1989), affg. 90 T.C. 206 (1988); <u>Underwood v. Commissioner</u>, 535 F.2d 309, 311 (5th Cir. 1976), affg. 63 T.C. 468 (1975). In the notice of deficiency, respondent determined that petitioner had a zero basis in the redeemed stock. Petitioner testified that he had a basis of $25 per share or a total of $5,225 and $1,025 for the shares redeemed in 1993 and 1994, respectively.

In an attempt to substantiate his basis in the redeemed securities, petitioner submitted a copy of a certificate issued by the Citizens Federal Bank. The certificate shows that petitioner owned 163 shares of Citizens Federal Stock, that the stock was 8 percent Series C Non-Cumulative Preferred Stock, and that the stock's par value was $.01. Additionally, petitioner submitted a copy of a letter from the Citizens Federal Bank declaring its intent to redeem some of its outstanding shares from shareholders. This letter indicates that the redemption price of the stock was 101 percent of the preference value, or $25.25 per share. Petitioner did not submit any other evidence to support his claimed basis in the redeemed shares of stock.

Petitioner's testimony regarding the purchase of the stock at issue was vague. In fact, he was unable to provide any details regarding his purchase of the stock other than the claimed $25 per share purchase price that he surmised from the

letter the bank sent him. The documents submitted by petitioner in no way established the amount or amounts petitioner paid for the shares or the amounts he originally deposited for such shares. Petitioner contended that the stock was no more than a savings account and that the redemption was nothing more than a return of his money plus the 1 percent in excess of his original deposit. However, he presented no evidence to show when such moneys had been deposited or the amount that had been deposited. Petitioner, therefore, failed to establish the economic outlay necessary to claim basis. Thus, the Court finds that petitioner had a zero basis in the 260 shares of Citizens Federal Stock that were redeemed in 1993 and 1994. Accordingly, respondent's determination is sustained.

3. Section 162 Trade or Business Activity

Petitioner claimed that he incurred deductible trade or business expenses during 1993 and 1994 in connection with an engineering business. He did not describe what type of engineering activities he was engaged in or what kinds of engineering services he performed, if any, during the years in question. He admitted having no gross receipts for either year from such an activity.

Section 162(a) provides: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or

incurred during the taxable year in carrying on any trade or business".  In order for an expenditure to be deductible as a business expense, the expenditure must relate to an activity that amounts to the present carrying on of an existing business. Koons v. Commissioner, 35 T.C. 1092, 1100 (1961).  Thus, in order for petitioner to meet his burden of proof, it is necessary to establish that the expenditures in question related to activities that amounted to the present carrying on of a business. Reisinger v. Commissioner, 71 T.C. 568, 572 (1979); Koons v. Commissioner, supra.  Whether a taxpayer is engaged in a trade or business, and the nature of such trade or business, are questions of fact.  Ford v. Commissioner, 56 T.C. 1300, 1307 (1971), affd. per curiam 487 F.2d 1025 (9th Cir. 1973); Corbett v. Commissioner, 55 T.C. 884, 887 (1971); Canter v. United States, 173 Ct. Cl. 723, 354 F.2d 352 (1965).  The Supreme Court has interpreted the trade or business terminology of section 162 to mean that the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  In Commissioner v. Groetzinger, supra at 35, the Supreme Court stated "that to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity

and that the taxpayer's primary purpose for engaging in the activity must be for income or profit."

Petitioner did not establish that he was engaged in a trade or business during 1993 and 1994.  Petitioner earned no gross receipts from the purported activity during the 2 years at issue and presented no documentary information to establish exactly what type of an activity he was purportedly engaged in.  He testified he was engaged in an engineering activity but presented no evidence as to the nature of the engineering services he provided, the nature of his clients, the date the activity commenced, and why, during 1993 and 1994, he had no gross income from such an activity.  Petitioner testified he had an engineering background and had taught engineering at two or three colleges, and, although the Court has no reason to doubt such testimony, the Court is not satisfied that petitioner's background established a trade or business during 1993 and 1994. On this record, the Court holds that petitioner failed to establish that he was engaged in a trade or business activity during 1993 and 1994.

4.  Sec. 6651(a) Failure-to-File Addition to tax

The next issue is whether petitioner is liable for the additions to tax under section 6651(a)(1) for his failure to file Federal income tax returns for 1993 and 1994.  Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file

timely returns, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect". The addition to tax is 5 percent of the amount required to be shown on the return for each month beyond the return's due date, not to exceed 25 percent. See sec. 6651(a)(1).

Reasonable cause exists where a taxpayer exercises ordinary business care and prudence and still is unable to file a timely return. See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); Estate of Vriniotis v. Commissioner, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is viewed as a conscious, intentional failure or reckless indifference to the obligation to file. See United States v. Boyle, 469 U.S. 241, 245-246 (1985); Estate of Newton v. Commissioner, T.C. Memo. 1990-208. Whether petitioner has shown reasonable cause and no willful neglect is a question of fact to be decided on the entire record. See Estate of Duttenhofer v. Commissioner, 49 T.C. 200, 204 (1967), affd. per curiam 410 F.2d 302 (6th Cir. 1969).

Section 6011(a) provides that any person made liable for any tax imposed by Title 26 shall make a return or statement according to the forms and regulations prescribed by the Secretary. Section 6012(a) requires that every individual having gross income that equals or exceeds the exemption amount must

file a tax return, except (as relevant here) that a return shall not be required of an individual who is not married, is not a surviving spouse, is not a head-of-household, and for the taxable year has gross income of less than the sum of the exemption amount plus the basic standard deduction applicable to such individual. Individual tax returns are due on or before the 15th day of the fourth month following the close of the tax year. See sec. 1.6072-1(a), Income Tax Regs.

The term "gross income" means "all income from whatever source derived." Sec. 61. The exemption amounts applicable to petitioner for the tax years 1993 and 1994 were $2,350 and $2,450, respectively. See sec. 151(d). The standard deduction amounts applicable to petitioner for tax years 1993 and 1994 were $3,700 and $3,800, respectively. See sec. 63(c). Thus, petitioner was required to file for 1993 and 1994 if his gross income in those years exceeded $6,050 and $6,250, respectively. Petitioner stipulated the fact that he had gross income in 1993 and 1994 of $28,440 and $14,896, respectively. Petitioner, therefore, was required to file a return in the years at issue since his gross income for those years clearly exceeded the minimum statutory amounts for filing.

Petitioner claimed that he did not file returns for 1993 and 1994 because, based on his reading of the instructions accompanying his tax return forms for the years in question, he

did not have enough income to be required by law to file a return.  Petitioner believed that in calculating his income to determine whether he was required to file a return he was entitled to deduct his claimed expenses in arriving at the income figure.  In support of this contention, petitioner submitted a copy of the tax return instructions that he claimed he relied on in reaching his decision not to file.  The instructions read, in relevant part, as follows:

> You must file a return if your gross income was at least the amount shown in the last column.[3]  Gross income means all income you received in the form of money, goods, and services that is not exempt from tax, including any gain on the sale of your home (even if you may exclude or postpone part of all of the gain). * * *

Petitioner's claim is not supported by the instructions he purportedly relied on.  He misread or misconstrued the above-quoted language.  The instructions clearly state that a taxpayer must file a return if his gross income for the year equals or exceeds a specified dollar amount.  In the next sentence, the term "gross income" is clearly defined.  Importantly, the definition of "gross income" in the instructions does not in any way state or even mention the deduction of any expenses in arriving at "gross income".  Petitioner's claim cannot be

---

[3]     The amount shown in the last column is $6,050 and $6250 for 1993 and 1994, respectively.

sustained.  Nothing in the above-cited language supports the netting of expenses against gross income to determine whether or not income tax returns were required to be filed for the years in question.

Petitioner was required to file income tax returns for 1993 and 1994.  He has failed to show that the failure to file was due to reasonable cause and was not due to willful neglect.  Petitioner, therefore, is liable for the failure-to-file addition to tax under section 6651(a).  Therefore, respondent's determination on this issue is sustained.

5. Sec. 6654(a) Addition to tax for Failure to pay Estimated tax

Respondent determined the addition to tax under section 6654(a) for failure to make estimated tax payments for 1993.  Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  There is no exception contained therein relating to reasonable cause and lack of willful neglect.  Subject to certain exceptions provided by statute and not pertinent here, this addition to tax is otherwise automatic if the amounts of the withholdings and estimated tax payments do not equal statutorily designated amounts.  See Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).

Petitioner produced no evidence to show that respondent's determination of his liability for the addition to tax under

section 6654(a) was in error.  Consequently, because petitioner failed to make any estimated tax payments for 1993, respondent's determination on this issue is sustained.

To reflect the foregoing,

Decisions will be entered for respondent.[4]

---

[4] The total amount of stipulated income attributed to petitioner for 1993 exceeded the amount determined in the notice of deficiency by $4,027.  Respondent did not file responsive pleadings to increase the deficiency against petitioner for this additional income.  Accordingly, the deficiencies and additions to tax for 1993 will be the amounts determined in the notice of deficiency.