T.C. Memo. 2000-269

UNITED STATES TAX COURT

PAUL HARRISON DUNCAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19650-97.                    Filed August 24, 2000.

Paul Harrison Duncan, pro se.

<u>Andrew M. Papadakis</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>: Respondent determined a
deficiency of $3,023 in petitioner's 1994 Federal income tax and
an addition to tax under section 6651(a)(1) of $150.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

After a concession by respondent,[2] the issues remaining for decision are: (1) Whether petitioner is entitled to Schedule C, Profit or Loss From Business, deductions for travel expenses related to his trucking activity in excess of amounts allowed by respondent; (2) whether petitioner is entitled to a home office expense deduction under section 280A in connection with his trucking activity; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file his income tax return timely.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Tazewell, Tennessee.

During 1994, petitioner was an independent, over-the-road truck driver. Petitioner operated a 1984 Volvo tractor-truck that he purchased for $10,000 in January 1994. Petitioner contracted all of his cargo hauling assignments during 1994 through Knox Cartage in Knoxville, Tennessee. Typically,

---

[2] At trial, respondent conceded that petitioner is entitled to a Schedule C, Profit or Loss From Business, deduction of $10,000 under sec. 179 for the cost of a Volvo tractor-truck petitioner purchased during 1994 for use in his truck driving activity. Other adjustments in the notice of deficiency are computational and will be resolved by the Court's holdings on the contested issues. These adjustments include increases in petitioner's self-employment taxes, the deduction for one-half of self-employment taxes, and petitioner's earned income credit.

petitioner picked up a cargo trailer from Knox Cartage and delivered the cargo to an appointed destination somewhere in the continental United States. Knox Cartage then dispatched petitioner to pick up new cargo to be transported back to Knoxville. Petitioner traveled approximately 130,000 miles hauling cargo during 1994.

Petitioner's 1994 Federal income tax return was due to be filed on April 15, 1995. However, petitioner filed an Internal Revenue Service (IRS) Form 4868, Application for Automatic Extension of Time to File, for his 1994 return timely, extending the filing date to August 15, 1995. Petitioner did not file for or receive any additional extension of time for his 1994 return. He filed his 1994 return on August 24, 1995.

Petitioner's 1994 return included a Schedule C, on which petitioner reported income and expenses from his trucking activity. He reported $62,474 in gross income for 1994, total expenses of $62,113, and a net profit of $361. The following table shows the expenses petitioner claimed on Schedule C and the adjustments by respondent in the notice of deficiency with respect to each item:

|                        | Per Return | Allowed by Respondent | Disallowed by Respondent |
| ---------------------- | ---------- | --------------------- | ------------------------ |
| Car and truck expenses | $17,877    | $20,431               | $(2,554)                 |
| Sec. 179 expense       | 10,000     | -0-                   | 10,000                   |
| Insurance              | 1,385      | 1,385                 | -0-                      |
| Interest               | 14         | 14                    | -0-                      |
| Office expense         | 230        | 230                   | -0-                      |
| Repairs & maint.       | 20,255     | 20,255                | -0-                      |
| Taxes & licenses       | 275        | 275                   | -0-                      |
| Lodging                | 5,730      | 154                   | 5,576                    |
| Meals (50%)*           | 2,255      | 1,984                 | 271                      |
| Other expenses         | 3,749      | 3,749                 | -0-                      |
| Business use of home   | 343        | -0-                   | 343                      |
| Total expenses         | $62,113    | $48,477               | $13,636                  |

*The meal amounts reflect the application of the 50% limitation under sec. 274(n).

Respondent also determined petitioner was liable for the addition to tax under section 6651(a)(1) for failure to file his return timely.

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 162(a)(2) expressly permits the deduction of traveling expenses, including meals and lodging, while away from home in the pursuit of a trade or business. Expenses that do not meet these criteria are considered personal expenses and are not deductible. See sec. 262(a).

A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Under certain

circumstances, where a taxpayer establishes entitlement to a deduction but does not establish the amount of the deduction, the Court is allowed to estimate the amount allowable. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). However, section 274(d) overrules the so-called Cohan doctrine and provides that no deduction is allowable under section 162 for any traveling expenses, including meals and lodging while away from home, unless the taxpayer complies with strict substantiation rules. See sec. 274(d)(1), (4). Particularly, the taxpayer must substantiate the amount, time, place, and business purpose of the enumerated types of expenses by adequate records or by sufficient evidence corroborating his own statement. See sec. 274(d); sec. 1.274-5T(b)(2), (6), (c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Section 274(d) and the regulations thereunder vest the Secretary with the authority to promulgate regulations that prescribe alternative methods for substantiating expenses covered by section 274. See sec. 1.274-5T(j), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Pursuant to this authority, the Secretary issued Rev. Proc. 93-50, 1993-2 C.B. 586, providing rules under which the amount of ordinary and necessary business expenses of an employee for lodging, meals, and/or incidental expenses incurred while traveling away from home will be deemed substantiated for purposes of section 274(d).

This revenue procedure also provides an optional method for employees and self-employed individuals to substantiate the amount of business meal and incidental expenses incurred while traveling away from home.

The amounts petitioner claimed for lodging and meals represent expenses incurred while hauling cargo throughout the United States.  Instead of claiming the actual lodging and meal expenses incurred, petitioner claimed expenses for lodging and meals based on the Federal per-diem rates for lodging and meals provided in Rev. Proc. 93-50, 1993-2 C.B. 586.  Petitioner calculated the number of days during 1994 that he traveled while hauling cargo and then multiplied the days traveled by the per-diem amounts allowed for lodging expenses and meal and incidental expenses, respectively.

Respondent disallowed $5,576 of the lodging expenses claimed for lack of substantiation.  Respondent contends that petitioner had not provided documentation to substantiate that he actually incurred lodging expenses on his cargo hauling trips or the amount of the expenses he incurred as required by section 274 for the reason that petitioner slept in the cab of his tractor-truck when traveling and therefore did not actually incur lodging expenses.  Respondent otherwise agrees that petitioner properly substantiated the time, place, and business purpose of the trips for which the lodging expenses were claimed.

It is uncontested that petitioner maintained a log in which he recorded his hauling trips, including time, place, and business purpose. However, petitioner did not keep records of the amounts of lodging expenses he incurred but instead relied on the per-diem rates to compute the amount of his lodging expenses. While section 4.01 of Rev. Proc. 93-50 authorizes the use of the per-diem method to substantiate the amount of lodging, meal, and incidental costs, this method of reporting is available only where employers pay a per-diem allowance in lieu of reimbursing the actual expenses an employee incurs while traveling away from home. Therefore, petitioner's expenses for lodging are not included within this provision because he was self-employed. Although petitioner, as a self-employed individual, is entitled to use the per-diem method allowed under section 4.03 of Rev. Proc. 93-50, that provision is limited only to meals and incidental expenses. Accordingly, petitioner's lodging expenses are not deductible because such expenses have otherwise not been substantiated pursuant to section 274(d). The Court finds it unnecessary to address respondent's contention that petitioner did not in fact incur any lodging expense because petitioner slept in the sleeper cab of his truck. Respondent, therefore, is sustained on this issue.

Respondent agrees that petitioner was entitled to use and properly applied the optional per-diem method of substantiating

his meal and incidental expenses provided for in section 4.03 of Rev. Proc. 93-50.  However, respondent disallowed $271 in meal expenses relating to 17 days during 1994 in which petitioner stayed overnight in Knoxville.  Respondent contends that petitioner's home in Tazewell was in close proximity to Knoxville, and, therefore, petitioner was not "away from home" within the meaning of section 162 when he stayed overnight in Knoxville.

Petitioner argues that the meal expenses he incurred in Knoxville were incurred "away from home" within the meaning of section 162.  Petitioner's position is that, on several occasions during 1994, Knox Cartage scheduled petitioner to haul new cargo out of Knoxville immediately upon his return from other hauling trips.  However, on those occasions, petitioner was required by Federal regulations to get 8 hours sleep before he could haul another load.  Rather than returning to his home in Tazewell and losing 2 or more hours of sleep time making the round-trip commute, petitioner slept for 8 hours in Knoxville, which satisfied his rest requirements, and then took the new cargo.  If petitioner had not been able to begin hauling the new cargo as quickly as he did, the cargo would have been contracted to another driver, which would have been the result had he driven back to his home in Tazewell.

A "home" for purposes of section 162(a)(2) means the vicinity of the taxpayer's principal place of business rather than the personal residence of the taxpayer, when the personal residence is not in the same vicinity as the place of employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. en banc 662 F.2d 253 (4th Cir. 1981).  Knoxville was clearly petitioner's principal place of business during 1994.  Petitioner contracted all of his hauling assignments through Knox Cartage, a Knoxville-based company, and all of his hauling assignments originated and terminated in Knoxville.  Thus, any expenses petitioner incurred in the Knoxville area were not away from home within the meaning of section 162.  Respondent is sustained on this issue.

The next issue is whether petitioner is entitled to a home office deduction under section 280A.  The $343 petitioner claimed for home office expenses was based on 9 percent of the floor space of petitioner's Tazewell, Tennessee, home where petitioner performed the administrative duties associated with his trucking activity.  The amount claimed represented 9 percent of petitioner's mortgage interest, real estate taxes, and utilities for 1994.  Respondent determined that petitioner was not entitled to a home office deduction because petitioner's home office was not used exclusively and regularly as his principal place of business.

As previously noted, section 162 allows taxpayers a deduction for all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Under section 280A, however, deductions associated with a home office are generally disallowed unless the home office was used exclusively and regularly as the principal place of business of the taxpayer.

Where a taxpayer's business is conducted in part in the taxpayer's residence and in part at another location, the following two primary factors are considered in determining whether the home office qualifies under section 280A(c)(1)(A) as the taxpayer's principal place of business: (1) The relative importance of the functions or activities performed at each business location, and (2) the amount of time spent at each location. See Commissioner v. Soliman, 506 U.S. 168, 175-177 (1993).

Whether the functions or activities performed at the home office are necessary to the business is relevant but not controlling, and the location at which goods and services are delivered to customers generally is regarded as the principal place of a taxpayer's business. See id. at 176. The relative importance of business activities engaged in at the home office may be substantially outweighed by business activities engaged in at another location. The Supreme Court has explained as follows:

> If the nature of the business requires that its
> services are rendered or its goods are delivered at a
> facility with unique or special characteristics, this
> is a further and weighty consideration in finding that
> it is the delivery point or facility, not the
> taxpayer's residence, where the most important
> functions of the business are undertaken.

Id. at 176.

The principal activities relating to petitioner's truck driving activity consisted of the delivery of cargo to various destinations throughout the United States.  Moreover, petitioner was paid solely for his time on the road.  Although the Court is satisfied that petitioner utilized his home office space for the administrative duties related to his trucking activity, it is evident that the most important aspects, as well as a substantial majority, of petitioner's activities in connection with his trucking activity were performed outside of his home office. Therefore, the Court sustains respondent on this issue.

The final issue is whether petitioner is liable for the addition to tax under section 6651(a)(1) for his failure to file timely his 1994 Federal income tax return.  Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file timely returns, unless the taxpayer can establish that such failure "is due to reasonable cause and not due to willful neglect."

Reasonable cause exists where the taxpayer exercises ordinary business care and prudence that still renders one unable

to file a timely return.  See <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989);  <u>Estate of Vriniotis v. Commissioner</u>, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is viewed as a conscious, intentional failure or reckless indifference to the obligation to file.  See <u>United States v. Boyle</u>, 469 U.S. 241, 245-246 (1985); <u>Estate of Newton v. Commissioner</u>, T.C. Memo. 1990-208.  Whether the taxpayer has sufficiently shown reasonable cause and no willful neglect is a question of fact to be decided on the entire record.  See <u>Estate of Duttenhofer v. Commissioner</u>, 49 T.C. 200, 204 (1967), affd. 410 F.2d 302 (6th Cir. 1969).

A taxpayer may establish reasonable cause for failing to file a timely return by proving that he reasonably relied on the advice of an accountant or attorney and later found that such advice was erroneous or mistaken.  See <u>United States v. Boyle</u>, <u>supra</u> at 250; <u>Estate of Paxton v. Commissioner</u>, 86 T.C. 785, 820 (1986); <u>CTUW Georgia Ketteman Hollingsworth Trust v. Commissioner</u>, 86 T.C. 91, 108-109 (1986).  In <u>United States v. Boyle</u>, <u>supra</u> at 251, the Supreme Court explained that a taxpayer's reliance on the advice of an attorney concerning a matter of law, such as whether a return must be filed, constitutes reasonable cause because "Most taxpayers are not competent to discern error in the substantive advice of an accountant or attorney."  However, the Supreme Court noted that

"It requires no special training or effort to ascertain a deadline and make sure that it is met" and held that, while it is reasonable for taxpayers to rely on substantive advice given by an accountant or attorney, "failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for late filing under section 6651(a)(1)." Id. at 252.

Petitioner's 1994 Federal income tax return was due, after extension, on August 15, 1995. Petitioner's 1994 return was filed on August 23, 1995. Petitioner asserts that he relied upon his accountant to file timely petitioner's 1994 return. Petitioner's reliance on his accountant does not constitute reasonable cause for late filing under section 6651(a)(1). See United States v. Boyle, supra. Accordingly, the Court sustains respondent's application of the addition to tax under section 6651(a)(1).

Decision will be entered

under Rule 155.